UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO RODRIGUEZ,<br><br>         Plaintiff,<br><br>    v.<br><br>SCOTT KERNAN, et al.,<br><br>         Defendants. | **1:19-cv-00060-GSA-PC**<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br>**(ECF No. 16.)**<br><br>**THIRTY-DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT PURSUANT TO FIRST SCREENING ORDER** |

**I.  BACKGROUND**

Pedro Rodriguez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  On January 14, 2019, Plaintiff filed the Complaint commencing this action.  (ECF No. 1.)  On April 8, 2020, the court issued the first screening order, dismissing the Complaint for failure to state a claim, with leave to amend.  (ECF No. 9.)  Plaintiff was advised that he was not permitted to add unrelated claims or allegations of events occurring after January 14, 2019 in the First Amended Complaint. (Id. at 9 at 14:10-13.)

On May 22, 2020, Plaintiff filed the First Amended Complaint.  (ECF No. 12.)  The First Amended Complaint contained allegations of later-occurring events that took place after the original Complaint was filed.  (Id.)  On June 29, 2020, the court issued the second screening order dismissing the First Amended Complaint for Plaintiff's failure to comply with the court's first screening order, with leave to amend.  (ECF No. 13.)  Plaintiff was granted thirty days in which to file a Second Amended Complaint that complies with the court's first screening order. (Id.)

On August 27, 2020, Plaintiff filed objections to the court's second screening order.  (ECF No. 16.)  The court construes Plaintiff's objections as a motion for reconsideration of the second screening order.

## II. MOTION FOR RECONSIDERATION

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

## III. DISCUSSION

Plaintiff requests the court to reconsider its decision in the second screening order that Plaintiff is not permitted to bring allegations in his Second Amended Complaint of events that occurred after the date the original Complaint was filed. Plaintiff wishes to include allegations that his conditions of confinement have worsened since the arrival of the COVID-19 virus at Valley State Prison and that his predictions of what could happen as a result of being locked in a crowded cell have come true. Plaintiff therefore requests leave of court to file a supplemental complaint.

**Supplemental Complaint**

Under Rule 15(d) of Federal Rules of Civil Procedure, "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Amendment under Rule 15(d) is favored and the fact that supplemental conduct may involve new claims is not a reason by itself to deny the motion. See Keith v. Volpe, 858 F.2d 467, 473 (9th Cir. 1988) ("The clear weight of authority, however, in both the cases and the commentary, permits the bringing of new claims in a supplemental complaint to promote the economical and speedy disposition of the controversy." (citation omitted)). Leave to amend is thus ordinarily granted unless the amendment is futile, would cause undue prejudice to the defendants, or is sought by plaintiffs in bad faith or with a dilatory motive. Foman v. Davis, 371 U.S. 178, 182 (1962); Smith v. Pac. Properties & Dev. Corp., 358 F.3d 1097, 1101 (9th Cir. 2004). While courts should consider all such factors, "the crucial factor is the resulting prejudice to the opposing party." Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973).

Plaintiff's First Amended Complaint adds two new defendants, Ralph Diaz (New CDCR Secretary) and Gavin Newsom (Governor of State of California), in their individual and official capacities, and allegations of after-occurring events: (1) Plaintiff's former bunkmate had his throat cut during his sleep; (2) another inmate was found dead in his bed; (3) on or about March 12, 2020, Plaintiff was quarantined after exhibiting COVID-19-like symptoms; (4) on or about March 24, 2020, Warden Fisher began implementing social distancing and haphazardly mandated face masks but failed to enforce staff must wear face masks; (5) on or about February 16, 2020, Plaintiff filed a 602 appeal addressing the illegal housing which violates both the Eighth Amendment and Equal Protection, and the appeal was wrongfully cancelled; (6) Governor Newsom visited Valley State Prison just before the COVID-19 outbreak; and (7) threats have escalated from potential attacks by inmates to infection and re-infection of COVID-19 due to forcing eight men into living quarters designed for four women.

Here, permitting new allegations and claims concerning Plaintiff's conditions of confinement after the COVID-19 outbreak would not promote an economical and speedy

disposition of this case.  Most troubling, is that supplementing the complaint would be prejudicial to defendants who have not been served or allowed an opportunity to respond.  Plaintiff's original Complaint opposed defendants for housing him in a crowded cell, causing a risk of injury from attacks by other inmates.  Plaintiff's supplemental complaint, if permitted, would raise new issues and significantly change the focus of the case.  Based on these reasons, Plaintiff's request to supplement the complaint shall be denied.  Plaintiff shall be granted thirty days in which to file a Second Amended Complaint which complies with the court's first screening order filed on April 8, 2020.  Plaintiff is advised that he is not precluded from filing a new case addressing recent conditions of confinement as affected by the COVID-19 outbreak.

## IV.  CONCLUSION AND ORDER

Based on  the foregoing, the court finds that Plaintiff has not set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  Therefore, the motion for reconsideration shall be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed on August 27, 2020, is DENIED;
2. Within thirty days from the date of service of this order, Plaintiff shall file a Second Amended Complaint which complies with the court's first second screening order filed on April 8, 2020; and
3. Plaintiff's failure to comply with this order shall result in a recommendation that this action be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated:   **August 28, 2020**                    **/s/ Gary S. Austin**
                                                                              UNITED STATES MAGISTRATE JUDGE