UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO RODRIGUEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SCOTT KERNAN, et al.,<br><br>　　　　Defendants. | 1:19-cv-00060-GSA-PC<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br>**(ECF No. 18.)**<br><br>**THIRTY-DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT PURSUANT TO FIRST SCREENING ORDER** |

## I.   BACKGROUND

Pedro Rodriguez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  On January 14, 2019, Plaintiff filed the Complaint commencing this action.  (ECF No. 1.)  On April 8, 2020, the court issued the first screening order dismissing the Complaint for failure to state a claim, with leave to amend.  (ECF No. 9.)  Plaintiff was advised that he was not permitted to add unrelated claims or allegations of events occurring after January 14, 2019 in the First Amended Complaint. (Id. at 9 at 14:10-13.)

On May 22, 2020, Plaintiff filed the First Amended Complaint. (ECF No. 12.)  The First Amended Complaint contained allegations of later-occurring events that took place after the original Complaint was filed.  (Id.)  On June 29, 2020, the court issued a second screening order dismissing the First Amended Complaint for Plaintiff's failure to comply with the court's first screening order, with leave to amend.  (ECF No. 13.)  Plaintiff was granted thirty days in which to file a Second Amended Complaint that complies with the court's first screening order.  (Id.)

On August 27, 2020, Plaintiff filed objections to the court's second screening order. (ECF No. 16.) The court construed Plaintiff's objections as a motion for reconsideration of the court's second screening order. On August 31, 2020, the court denied Plaintiff's motion for reconsideration of the court's second screening order. (ECF No. 17.)

On October 1, 2020, Plaintiff filed objections to the court's order denying his motion for reconsideration. (ECF No. 18.) The court construes Plaintiff's objections as a motion for reconsideration of the court's order denying Plaintiff's prior motion for reconsideration.

**II.     MOTION FOR RECONSIDERATION**

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

///

### III.  DISCUSSION

The court finds that Plaintiff has not set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  Therefore, Plaintiff's motion for reconsideration filed on October 1, 2020, shall be denied.

### IV.  CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed on October 1, 2020, is DENIED;
2. Within thirty days from the date of service of this order, Plaintiff shall file a Second Amended Complaint which complies with the court's second screening order filed on June 29, 2020;
3. No other motions for reconsideration of this matter shall be considered by the court; and
4. Plaintiff's failure to comply with this order shall result in a recommendation that this action be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated:   **October 7, 2020**                    **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE