UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO RODRIGUEZ,<br><br>   Plaintiff,<br><br> v.<br><br>SCOTT KERNAN, et al.,<br><br>   Defendants. | **1:19-cv-00060-GSA-PC**<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br>**(ECF No. 31.)**<br><br>**ORDER GRANTING PLAINTIFF THIRTY DAYS TO EITHER:**<br><br> **(1) FILE NEW MOTION FOR EXTENSION OF TIME,**<br><br> **OR**<br><br> **(2) FILE SECOND AMENDED COMPLAINT**<br><br>**THIRTY-DAY DEADLINE** |

**I. BACKGROUND**

 Pedro Rodriguez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On January 14, 2019, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) On April 8, 2020, the court issued the first screening order, dismissing the Complaint for failure to state a claim, with leave to amend. (ECF No. 9.) Plaintiff was advised that he was not permitted to add unrelated claims or allegations of events occurring after January 14, 2019 in the First Amended Complaint. (Id. at 9 at 14:10-13.)

1

On May 22, 2020, Plaintiff filed the First Amended Complaint. (ECF No. 12.) The First Amended Complaint contained allegations of later-occurring events that took place after the original Complaint was filed. (Id.) On June 29, 2020, the court issued the second screening order, dismissing the First Amended Complaint for Plaintiff's failure to comply with the court's first screening order, with leave to amend. (ECF No. 13.) Plaintiff was granted thirty days in which to file a Second Amended Complaint that complies with the court's first screening order. (Id.)

Between July 27, 2020 and April 12, 2021, Plaintiff filed seven motions for extension of time to file a Second Amended Complaint. (ECF Nos. 14, 20, 22, 24, 26, 27, 29.) On April 20, 2021, the court denied Plaintiff's seventh motion for extension of time based on Plaintiff's failure to show good cause for the extension. (ECF No. 30.)

On May 7, 2021, Plaintiff filed objections to the court's order denying the extension of time. (ECF No. 31.) The court construes Plaintiff's objections as a motion for reconsideration of the court's order denying Plaintiff's seventh motion for extension of time.

**II.     MOTION FOR RECONSIDERATION**

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a

disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

## III. DISCUSSION

Plaintiff claims that he has been punished, confined to his cramped 2'6" bed space, and cannot sit upright because his torso is 3'1" tall. As evidence, Plaintiff has submitted more than 60 pages of exhibits documenting Rules Violation Reports issued against him and losses of privileges that resulted.

The court finds no evidence that Plaintiff has been confined to his bed space and cannot sit upright. Prison records show that in February 2021, Plaintiff was quarantined because of the Covid-19 pandemic and excused from school for 90 days. (ECF No. 31 at 8, 9, 31.) On March 8, 2021, Plaintiff was found guilty of fighting and assessed a 61-day loss of good-time credits, 30-day loss of Dayroom, and 30-day loss of Packages. (ECF No. 31 at 44, 50.) On April 15, 2021, Plaintiff was found guilty of refusing to accept housing and was assessed 90-days loss of privileges (Canteen, Phone, Dayroom, Packages, and Property) until July 14, 2021. (ECF No. 31 at 60.)

Plaintiff has not sufficiently explained why he has been unable to prepare his Second Amended Complaint for more than 10 months, and his motion for reconsideration shall be denied. However, Plaintiff shall be granted an opportunity to file a new motion for extension of time within thirty days, showing good cause why he requires another extension of time to prepare his Second Amended Complaint. In the alternative, Plaintiff may file the Second Amended Complaint within thirty days.

## IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed on May 7, 2021, is DENIED;

2. Within thirty days from the date of service of this order, Plaintiff shall either:

   1) file a new motion extension of time, showing good cause; or

   2) file a Second Amended Complaint that complies with the court's second screening order filed on June 29, 2020;

3. No other motions for reconsideration of this matter shall be considered by the court; and

4. Plaintiff's failure to comply with this order shall result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

   Dated:   **May 12, 2021**                         **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE