UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PEDRO RODRIGUEZ,

        Plaintiff,

   v.

SCOTT KERNAN, et al.,

        Defendants.

**1:19-cv-00060-GSA-PC**

**ORDER FOR THE CLERK OF COURT TO RANDOMLY ASSIGN A UNITED STATES DISTRICT JUDGE TO THIS ACTION**

**FINDINGS AND RECOMMENDATIONS TO DISMISS CASE FOR FAILURE TO OBEY COURT ORDER**
**(ECF No. 7.)**

**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS**

## I.    BACKGROUND

Pedro Rodriguez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  On January 14, 2019, Plaintiff filed the Complaint commencing this action.  (ECF No. 1.)  On April 8, 2020, the court issued the first screening order dismissing the Complaint for failure to state a claim, with leave to amend.  (ECF No. 9.)  Plaintiff was advised that he was not permitted to add unrelated claims or allegations of events occurring after January 14, 2019 in the First Amended Complaint.  (Id. at 9 at 14:10-13.)

On May 22, 2020, Plaintiff filed a First Amended Complaint.  (ECF No. 12.)  The First Amended Complaint contained allegations of later-occurring events that took place after the

original Complaint was filed. (Id.) On June 29, 2020, the court issued the second screening order, dismissing the First Amended Complaint for Plaintiff's failure to comply with the court's first screening order, with leave to amend. (ECF No. 13.) Plaintiff was granted thirty days in which to file a Second Amended Complaint that complied with the court's first screening order. (Id.)

Between July 27, 2020 and April 12, 2021, Plaintiff filed seven motions for extension of time in which to file a Second Amended Complaint. (ECF Nos. 14, 20, 22, 24, 26, 27, 29.) On April 20, 2021, the court denied Plaintiff's seventh motion for extension of time based on Plaintiff's failure to show good cause for the extension. (ECF No. 30.)

On May 7, 2021, Plaintiff filed objections to the court's order denying the extension of time. (ECF No. 31.) The court construed Plaintiff's objections as a motion for reconsideration of the court's order denying Plaintiff's seventh motion for extension of time. On May 12, 2021, the court issued an order denying Plaintiff's motion for reconsideration and granted Plaintiff thirty days in which to either (1) file a new motion for extension of time, showing good cause, or (2) file the Second Amended Complaint. (ECF No. 32.)

The thirty-day time period has now expired and Plaintiff has neither filed a motion for extension of time, a Second Amended Complaint, nor any other response to the court's order. Therefore, Plaintiff failed to comply with the court's May 12, 2021 order.

## II.    DISMISSAL FOR FAILURE TO COMPLY WITH COURT ORDER

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since January 14, 2019. Plaintiff's failure to comply with the court's

order may reflect Plaintiff's disinterest in prosecuting this case. In such an instance, the court cannot continue to expend its scarce resources assisting a litigant who will not amend his complaint so the case can proceed. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to file an amended complaint that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the court which would constitute a satisfactory lesser sanction while protecting the court from further unnecessary expenditure of its scarce resources. Given that Plaintiff is a prisoner proceeding *pro se* who has not paid the filing fee for this action, the court finds monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available. However, inasmuch as the dismissal being considered in this case is without prejudice, the court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

## III. ORDER AND RECOMMENDATIONS

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Clerk of Court shall randomly assign a United States District Judge to this action; and

2. The court **HEREBY RECOMMENDS** that this action be dismissed without prejudice based on Plaintiff's failure to obey the court's order issued on May 12, 2021.

Based on the foregoing, these findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** from the date of service of these findings and

recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 6, 2021** **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE